# EXHIBIT C

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

MICHIGAN HEAD AND SPINE INSTITUTE P.C. (Myrtle Spencer)

      Plaintiff,                      Case No: 2020-000757-NF

and                                     Hon. Carl J. Marlinga

BEAUMONT HEALTH (Myrtle Spencer),

      Intervening Plaintiff,

-vs-

PIONEER STATE MUTUAL INSURANCE COMPANY,

      Defendant.

*Consolidated With*

MYRTLE SPENCER,                        Case No. 2020-001024-NF

      Plaintiff,

-vs-

PIONEER STATE MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

| | |
|---|---|
| **MARTIN ALEXANDER HOGG  P76312** | **JOSEPH F. FAZI (P73143)** |
| Attorney for Plaintiff Michigan Head & Spine | Attorney for Defendant |
| 28470 W 13 Mile Rd Ste 300 | 43902 Woodward Avenue, Suite 200 |
| Farmington Hills, MI 48334-5400 | Bloomfield Hills, MI 48302 |
| (248) 945-1040 / Fax: (248) 536-5042 | (248) 335-5450 ext. 220 \| F: (248) 335-9889 |
| mhogg@msapc.net | jfazi@kallashenk.com |
| **STUART A. FRASER V. P73686** | **BRUCE K. PAZNER (P39913)** |
| Attorney for Plaintiff Myrtle Spencer | Attorney for Intervening Plaintiff Beaumont |
| 10 S Main St, Ste 302 | 15200 E. Jefferson Avenue, Suite 104 |
| Mt. Clemens, MI 48043 | Grosse Pointe Park, MI 48230 |
| (586) 463-0100 / Fax: (586) 469-2506 | (313) 822-2244 \| F: (313) 822-6097 |
| stufraserv@fsattorneys.com | bruce@paznerlaw.com |

_____/

## AMENDED INTERVENING COMPLAINT

      NOW COMES Intervening Plaintiff, **BEAUMONT HEALTH,** by and through counsel,

**BRUCE K. PAZNER, P.C.**, and for its Amended Intervening Complaint states as follows

Document received by the MI Macomb 16th Circuit Court.

## COUNT I - VENUE AND GENERAL ALLEGATIONS

1. That Intervening Plaintiff, **BEAUMONT HEALTH** (hereinafter Intervening Plaintiff), is a medical care provider conducting business in County of Macomb, State of Michigan.

2. That Defendant, **PIONEER STATE MUTUAL INSURANCE COMPANY** (hereinafter Defendant), conducts a regular and systematic part of its business in the County of Macomb, State of Michigan.

3. That the amount in controversy is within the jurisdiction of this Court in that this case involves a claim for damages in excess of $25,000.

4. That Myrtle Spencer was involved in a motor vehicle accident on or about March 19, 2019 and did sustain accidental bodily injuries within the scope of MCL 500.3105, et seq.

5. That Myrtle Spencer has incurred medical expenses at Intervening Plaintiff's facility as a result of the accident.

6. That Defendant is obligated to provide Michigan no-fault coverage to Myrtle Spencer in relation to the accident.

7. That Defendant is first in priority for payment of No-Fault benefits on behalf of Myrtle Spencer pursuant to MCL 500.3114 and Claim Number 19-07593.

8. That reasonable proof for payment of Intervening Plaintiff's charges has been supplied by Intervening Plaintiff to Defendant, and Intervening Plaintiff will continue to supply such proof to Defendant with respect to charges that Myrtle Spencer may continue to incur for ongoing care.

9. That Defendant is responsible for payment of the medical expenses incurred by Myrtle Spencer at Intervening Plaintiff's facility as a result of the subject accident.

Document received by the MI Macomb 16th Circuit Court.

10. That Defendant is in breach of contract and/or in breach of its statutory duties to make payment of the medical expenses incurred by Myrtle Spencer at Intervening Plaintiff's facility.

## COUNT II - RIGHT OF DIRECT ACTION

11. That Intervening Plaintiff repeats and incorporates all preceding paragraphs as though more fully set forth herein.

12. That pursuant to MCL 500.3112, a health care provider may assert a direct cause of action against an insurer to recover overdue benefits payable for charges for products, services, or accommodations ("services") provided to an injured person.

13. That Defendant's payment of Intervening Plaintiff's charges are presently overdue, and will continue to become overdue with respect to ongoing services Intervening Plaintiff might provide to Myrtle Spencer and for which Intervening Plaintiff has submitted or will submit reasonable proof for payment.

14. That Intervening Plaintiff has a direct cause of action against Defendant based on the facts as set forth herein.

15. That Defendant owes Intervening Plaintiff's charges with respect to the services it provided to Myrtle Spencer, along with interest and attorney fees as allowed by statute or court rule.

## COUNT III - RIGHT OF ACTION UNDER MEDICARE SECONDARY PAYER ACT

16. That Intervening Plaintiff repeats and incorporates all preceding paragraphs as though more fully set forth herein.

17. That Medicare made conditional payment of Intervening Plaintiff's charges for Myrtle Spencer's medical care.

Document received by the MI Macomb 16th Circuit Court.

18. That Medicare paid for medical services that Defendant, the primary, non-group insurer was responsible to pay and, as a result, Pioneer is liable for reimbursement of the Medicare amounts pursuant to 42 USC 1395y.

19. That Defendant is further liable for double the amount paid by Medicare pursuant to 42 USC 1395y, in addition to payment of Intervening Plaintiff's charges.

20. That Intervening Plaintiff has a direct right of action to file claims against Defendant in order to force Defendant to make those payments as required under the Medicare Secondary Payer Act ("MSPA"), and recover double damages and full charges. 42 USC 1395y(b)(2)(B)(ii), 42 USC 1395y(b)(3)(A). See also *Michigan Spine & Brain Surgeons v. State Farm*, 758 F. 3d 787 - Court of Appeals, 6th Circuit 2014.

21. That Defendant has abdicated its obligation to pay Intervening Plaintiff's reasonable and customary charges, as set forth by the Michigan no-fault auto insurance act and the subject policy of insurance, and instead left Medicare to make a conditional payment.

22. That per the MSPA, Defendant remains liable for double damages of the Medicare payments plus full charges, inasmuch as it has refused to make payment of Intervening Plaintiff's charges despite its primary responsibility to do so, and instead allowed Medicare to make conditional payment.

<strong><u>COUNT IV - DECLARATORY RELIEF</u></strong>

23. That Intervening Plaintiff repeats and incorporates all preceding paragraphs as though more fully set forth herein.

24. That, furthermore, a declaration of rights between the parties is or may be needed to determine:

    a. The applicability of the no-fault act to Intervening Plaintiff's claims;

Document received by the MI Macomb 16th Circuit Court.

      b.      The amount of medical expenses, no-fault interest, attorney fees (as allowed by MCL 500.3148(1)) and/or other monies owed to the Intervening Plaintiff;

      c.      Such other determinations, orders or judgments as are necessary to fully adjudicate the rights of the parties.

WHEREFORE, Intervening Plaintiff, **BEAUMONT HEALTH,** seeks damages in an amount in excess of $25,000.00, together with interest, attorney fees, and any other relief that is or may be warranted, including but not limited to a declaration that Defendant is obligated to pay Intervening Plaintiff's reasonable and customary charges, as well as the maximum damages payable to Intervening Plaintiff as allowed by and computed under the Medicare Secondary Payer Act.

                                                                                               /s/Bruce K. Pazner
                                                                             BRUCE K. PAZNER (P39913)
                                                                             Attorney for Intervening Plaintiffs
                                                                             15200 E. Jefferson Avenue, Suite 104
                                                                             Grosse Pointe Park, MI   48230

Date:   July 30, 2020                                    (313) 822-2244

Document received by the MI Macomb 16th Circuit Court.